Okay, first case for argument this morning is Ricky Fox and Ruth Fox versus Dr. Suzanne Gauto, Mr. Schmidt and Mr. Womack. Would you like to start? May it please the court. Your Honor, as far as I know, my name is Charles Schmidt and I will be representing the state that Dr. Gauto passed away after the litigation was initiated. This is a medical malpractice case. The lawsuit was filed shortly before the statute of limitations expired. When the lawsuit was filed, it was filed with the affidavit of counsel and a report of a physician pursuant to Rule 262 of the Code of Civil Procedure. The affidavit that was filed with the complaint, despite pertinent to this case, in that affidavit, which appears on page 7 of the record, it states, quote, I, John P. Womack, being first duly sworn on oath, depose this and state as follows, paragraph 1, that I have consulted and reviewed the facts of this case with a health professional, paragraph 4, that the reviewing health professional has determined in a written report, a copy of which is attached after review of medical records, itemized in this report and other relevant material, that there is a reasonable and meritorious cause for filing of such action and that I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. The affidavit is signed by the plaintiff's counsel and then appears on the second page of the affidavit the following, John Womack, under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, certifies that he has read the attached affidavit concerning Ricky Fox, knows the facts contained therein, and knows said facts are true. Attached to that affidavit of counsel was the report of the physician. The report of the physician is a two-page document, appears on page 9 and 10 of the record. On the first page, Dr. Alton summarizes the pertinent medical information that he reviewed, the pathology report, the surgical reports, and then on the second page, the last paragraph, Dr. Alton states, and I quote, By the review of the pathology reports and the surgical procedure records, I cannot see any management problems in this case. So what we have is an attorney filing an affidavit stating that the case has merit, under oath, pursuant to 1-109, accompanied by a report from the physician that says the case has no merit. That's how this litigation began. We filed a motion to dismiss. Plaintiff then filed, attempted to file, another report within about 60 days. I have a question about that. Yes, Your Honor. What happened? With the amended report? Yes. Why wasn't it filed? Was there a hearing on it or? Four points. Okay. Let me ask a question before that. Okay. Ultimately, and of course we're aware of the facts. We've read the briefs, looked at the record. We know what happened in this thing. But which report ultimately got filed? The second one. How do we know that? The one from Dr. Alton. How do we know that? There's absolutely no way to tell that from the record. Well, that is an inference that I certainly came to. Well, I mean, Mr. Womack filed a motion to amend. I'm sorry. Go ahead, John. Mr. Womack, because I think the first question is, which report are we even talking about that was ultimately filed? But he filed a motion to amend that was denied. Then he filed a motion to reconsider that. He attached, on the motion to amend, he attached the report of Dr. Kelly. On the motion to reconsider, he attached a new report of Dr. Alton. Ultimately, the court granted that. And in the order, the order simply says, plaintiff's motion to reconsider is hereby granted. The attorney affidavit and health professional report are hereby filed in standard. It doesn't say which report. No, that's true. I think the inference is it was the second one. How do we? Let me tell you why I came to that inference. Several reasons. First off, the first, let me rephrase that, the second report from Dr. Kelly, which was submitted, looks like filed, submitted in October, about 60 days after. There were several flaws with that. Number one, plaintiff never filed a request pursuant to 183 for permission to file late for good cause. That's number one. Number two, that report was not accompanied by the affidavit of counsel, which is required by Section 2-62. Number three, plaintiff's counsel never filed a request for the 90-day extension that you're automatically given. Was Alton's second report accompanied by an affidavit of counsel? No, it was not. Neither of them were, which also brings up when the order says these are filed in standard. The first affidavit from Dr. Alton that accompanied the complaint was accompanied by an affidavit of counsel, which is false. Well, I understand, but. The second one was not accompanied by an affidavit of counsel. The third one, the second one from Dr. Alton, was accompanied by an affidavit of counsel. There's a law. Well, it's a much longer affidavit. Much longer affidavit. And. Setting forth all the circumstances that. So your inference is that's the one that was filed in standard. Now, I mean, here's the problem. I mean, you can't really tell that from the record. And we're here under 308 on certified questions. And all the certified questions presume that it was that one. True. No, it's true. That's the premise we're making. But even if you want to broaden the inquiry, even if you want to broaden the inquiry and say, well, maybe it's. Well, let's just say that hypothetically. You still come back to the fundamental question of what is the standard that the trial judge uses to determine whether an amended report should be filed. Is it the amendment to the complaint standard, i.e., prejudice to the opposing party? Or is it the good cause aspect that the plaintiff has to work to ensure good cause? I understand. Those are the issues. And so that leads to my second question. How do we tell from the record what standard the trial court used? I mean, there's nothing in the record. You know, he may have well applied the good cause standard. If you look at the judge's docket entry from January 10th, 2011, he has a very long discussion about his analysis. In that analysis, he cites the Beardstown case, in which, in that case, there was an issue about filing an amendment to the complaint And in that case, the court held that the issue was prejudice to the defendant. That was the issue. That's the case Judge Bleier cited. Then he goes on to state that in his first ruling, he said it would be prejudicial to the defendant to permit the late filing of this document. So Judge Bleier pretty clearly was using a prejudice to the defendant standard. That was on the original motion to amend with Dr. Kelly's report. Correct. And so we might be able to infer that he applied prejudice on that. But then we have the motion to reconsider, and there's no findings or any indication, whatever, of which standard he applied there. And those are the questions that we have up on appeal because, you know, they're all presumed that it was Dr. Altig's second report filed six months later and so forth. So we've got an issue. We can't tell from the record actually which report was filed, and we can't tell from the record, if it was Altig's second report, actually what standard the trial court used. So we're kind of hearing some abstract stuff, aren't we? Well, I guess when you're on the front lines, seeing what's happening, this is as abstract as it may appear from the record, for which I can understand the court's dilemma. But here's the thing, Judge. If you also look at Judge Bleier's order of court, where he certifies those three questions for review, he notes the question is which standard do we apply. And Mr. Schmidt, let's assume that he used the prejudicial standard. When he changed the motion to reconsider was heard, then he allowed the filing of the updated. What I can't figure out is how your client has been prejudiced. What argument can you make on that? Judge, I'm not making the argument that my client is prejudiced. I'm not making that argument. My argument is that the standard is the plaintiff has to demonstrate good cause for filing the pleading late. And in this case, the plaintiff has the burden of showing good cause, and that burden is never met. And you disagree, then, that the filing of the papers by Mr. Womack as to how that affidavit got misfiled or the reading of additional medical records to clarify the events and what happened would not be good cause. That's what you're arguing about. No, no. That's not the question. The question isn't are there additional medical records to give you good cause. That's not the question. The question is can a plaintiff file a false affidavit, then 60 days later submit a report with a request that it be filed without a request that it be filed late under Rule 183, and then six months later come in and say, oh, by the way, here's the reason I made this mistake five and a half, six months ago. That's the question. If a plaintiff under Rule 183 has the burden of showing good cause for filing these documents late, the burden is never met. I guess that's my question. You don't think that his filing, even if it was six months later, was good cause? No, I do not. In the interim, had the case been dismissed? Judge Bleier made his ruling granting my request to dismiss the case, then plaintiff filed a motion to reconsider. So, yes, it was dismissed, but the motion to reconsider was filed. So I'm still trying to find out, even if it's a good cause defense, you would admit then there was no prejudice to your client? I'm not claiming prejudice, Judge. Okay. No, I'm not. As a matter of fact, in the last pleading that I filed, I pointed out, number one, prejudice to the defendant is not the issue, and number two, the standard is not prejudice to the defendant. I pointed those things out in my last pleading. So if this Court allows that filing, you would still have the opportunity at the trial court level to attack the sufficiency of the affidavit. That hasn't been done yet either, correct? Absolutely. Okay. Absolutely. But we're at the fundamental issue. Fundamental issue. Can a plaintiff come to court 60 days and then six months later and file a report that's technically in violation of a number of rules without getting the pursuant to Rule Number 3? Is it your position, essentially, that filing a report that says there's no claim is the equivalent of filing no report? Yeah. In other words, that's what you're ñ because that's the only way good cause comes in, because it would be like filing a late report. It was effectively a nullity. There was no report. So then we come back to that. So just so I understand, in order to reach where you want us to go on good cause, that's what we'd have to say. It's the same as filing. It's not a defective report. It's the same as no report. It's effectively a nullity because the affidavit and the report were inconsistent. Well, suppose, you know, you file a report, but it's by a doctor who's not in the same practice or something else on its face shows it doesn't work. Would that one be a nullity? That would bring you into one of the cases cited by a plaintiff, which is a good case by the way. I agree with that. If it's from the wrong specialty, the plaintiff, in theory, could come back into court under Rule 183 and say, I request permission to admit. And in the case you're referring to, which was the Cookson v. Price case, in that case the court in fact found good cause. As a matter of fact, Judge, I mean, this is. . . Mr. Schmidt, in Cookson, actually, wasn't that the case where they had a non-M.D. defendant, physical therapy? Exactly. It was a physical therapist. It was a physical therapist. They attempted to use a doctor. Right. And it wasn't until later that they came back in with a totally different report from now somebody licensed in the same field. Yeah. And this was not immediate. It was many months later, some six months later in Cookson. They allowed a new report. May I share with the court the concurring opinion of Justice Wright? Sure. I may have a little trouble hearing Mr. Schmidt. I may share with the court the concurring opinion of Justice Wright because he goes directly to the issue that the court is raising. In his concurring opinion, he stated, and I quote, demonstrating good cause, Planketh advised the court that he believed the original health care professional report satisfied Section 2-622. However, due to an amendment to the statute shortly before filing the complaint, the report no longer satisfied the requirements of Section 2-622. Once Planketh's counsel realized that the medical doctor was not an appropriately qualified health care professional for purposes of the Section 2-622 certification, in this case, Planketh acted swiftly. I would contend that waiting five and a half months to correct your errors is not acting swiftly. Well, we didn't really have a wait of five and a half months here, did we? Because, I mean, the judge didn't rule on the motion to amend was filed pretty promptly, but he didn't rule on it until January. And then the motion to reconsider came within 30 days of the court's ruling. I mean, this is just kind of the way the case progressed. I mean, it's not like nothing was happening for six months and then . . . But we come back to the problem that the court that was submitted 60 days after, number one, you've got to file a request for leave under Rule 183 demonstrating good cause for filing . . . That's if we accept that this is the same thing as not filing one at all. Correct. I mean, you know, why . . . I mean, Mr. Walnut filed an affidavit, Dr. Olten filed an affidavit, everybody explaining how this happened, okay? Why can't that be good cause? I mean, a mistake was made. He was in Florida. He, you know, assumed he'd talked to the doctor verbally on the phone. That would be a question for a judge to decide if that's . . . And how do we know from the record it hasn't already been decided? Because Judge Bleier made clear that the standard he was applying in this case was a prejudice to the defendant's standard. Well, he did that in the original ruling. He did that? We have nothing from this motion to reconsider that we're really hereupon because that's your complaint is he granted the motion to reconsider and allowed it to be amended. But we also have nothing indicating that he applied a good cause standard. I know. We don't know. The only thing we do have is that he applied the prejudice to the defendant's standard, and I think it would be inappropriate to conclude that he changed the standard for determining whether the state filing should be allowed when there's nothing in the record indicating changes. Well, if in our 308 order the court made findings and said, I applied the prejudice standard, but there's a legitimate question about which standard applies, and if it was good cause, I would find there's no good cause or whatever, and therefore this issue has us here. But that's why I say we're here on kind of an abstract exercise because we don't know. He may have applied the good cause standard, and so whatever we do here, how does it materially advance the litigation? Or if we had a transcript of the arguments or something, you know what I mean? It probably wouldn't be. I understand what the court is saying, but I can tell the court that when Judge Bleier made his ruling in January 2011 and said this is a prejudice to defendant issue and then the matter was argued again, the same standard was applied. There's nothing in the docket entries or there's anywhere indicating change to the standard he was applying. So we should just assume. As a matter of fact, if he weren't applying the same standard, I'm not sure he would have certified those questions in the manner they were certified. So I wouldn't even call it an assumption. I'd say based on this record, we know what he did at the first hearing, and there's no reason to believe that he would change his standard in the second hearing. Okay. I mean, it's a practical problem that I'm raising. I understand what the court is saying. I understand what the court is saying, but the reality is that that's what the judge did. Mr. Schmidt, you read to us the concurring opinion in Cookson. Yes. That complaint was filed in October 2007 with an improper report. The amended report was filed July of 2008, which is more than eight months, and yet the concurring opinion said that was swiftly. And in the interim, there was a change in the law regarding the qualifications of the certifying physician. Nevertheless, though, there was an action that was so ‑‑ I should say it was more protracted. Here's what's not swiftly about this case. If you look at the affidavit submitted by counsel to file the amended report It describes how when this all was going on, a draft report was sent to Dr. Alta. He didn't sign the draft report. He sent a different one back, and then that was the one that was inadvertently filed. Why on earth does it take five and a half months to go back to Dr. Alta and say, Dr. Alta, I think you made a mistake. Here's some additional records. Take a look at these. See if we can fix this problem now. Why did it take five and a half months to do that? That sounds more like a prejudice argument to me. Because there is, as Justice Stewart said, you have an affidavit that explains that issue. You understand busy law practices yourself, I know. And there was, in the interim, a filing of a second affidavit. Attempted filing. So it sounds like you make a prejudice argument when you do that. But really, I guess the issue is you disagree with the good cause standard. Absolutely. Okay. I'm not to the prejudice issue, but I'm still arguing now that there was not a good cause. Thank you so much. Thank you. Thank you. Mr. Smith, my argument gets on page 8. I can't hear you, Mr. Womack. I'm sorry? There's a blower up here. I can't hear you. I can't hear Chuck either. My logistical argument gets on page 8 of my brief. It says the facts here are that a mistake was made. My claim was canceled. It was a stupid mistake, but a mistake nevertheless. I've explained to the trial court what happened and how it happened. I think the standard is abuse of discretion. I know Mr. Smith argued at the trial level prejudice because of the passage of time. I know that was addressed. I really have nothing more to say. I think it is a discretionary decision. The judge made it appropriate. Let me ask you, Mr. Womack, which report got filed ultimately? I have no idea. In your brief on the motion to reconsider, you said file either one of them. I don't care. And the order doesn't say which one. I don't know. I guess looking backwards at the purpose of the law is to prohibit frivolous lawsuits. There are two reports that say it's a meritorious cause of action. It's not a frivolous case. And the purpose of the law has been met. It's a case that judge decides for good cause, not even a malpractice case. It's a choice of law issue. And I think you actually argue in your brief that perhaps Judge Bleier applied the good cause standard here. That was argued. I can't. So, I mean, in arguing that, I mean, are you saying that, you know, it wasn't clear that when you – I mean, we don't know from his ruling what standard he applied. I mean, it would just be speculation. I don't remember even a good cause issue being raised at the trial level. I think in my brief, I argued that if it had been raised, we would have – what happened was Othoff didn't look at the second records, the records of the repair of the surgery. It's unquestionable. I mean, there's just no doubt that he did surgery in the wrong location. And that doesn't appear from Gotthoff's notes, but it does from the second notes. And I met with Othoff. I talked to Othoff. I repaired the report. I repaired the affidavit. And they said his report's back. So I said, fine. And that was a mistake. Mr. Womack, I had asked Mr. Schmidt about the prejudice issue. And the reason I asked is because the third question that's certified here talks about the prejudice issue. I'm wondering how these questions got framed and why we're here on this issue, to be honest with you. I mean, what you said is the purpose of 2-622 is to determine whether there's a meritorious claim and to get rid of frivolous claims. That's the law in Illinois. So what I'm curious about is what is the hesitation here as far as these three questions and Judge Bleier certifying them? What was going on that caused these questions to come before us? Because I had no idea. Were you present at a hearing? I was present at a hearing. Did you? There was no discussion about these. Did you help craft these questions? I did not. Oh. They were submitted by Chuck to the judge. The judge signed them. He asked for a 308 appeal. I objected. The judge granted it. That was the intent. But the issue of prejudice was raised and argued strongly at the trial. But today not? Yeah. There was no prejudice there. And the passage of time by itself is not prejudice unless you can show more that that's really not an issue. Okay. Well, that's why I was wondering about question three, because Mr. Schmitz seemed to claim today that he's not arguing prejudice. And question three clearly talks about that, so that was my curiosity. I don't know what you have in front of you, what the record material is. I know that it was written, argued by the defense, and the oral argument covered primarily prejudice. The whole record right here. Okay. Well, good luck to you. Okay. And nobody else got my answer. Thanks very much. I thought maybe you and Mr. Schmitz had a little tussle before court or something. Well, we see either who the winner was. Thank you, Mr. Schmitz. Thank you.